**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JAMES M. SINGER,<br><br>    Plaintiff,<br><br>    v.<br><br>BUREAU OF PROFESSION AND OCCUPATIONAL AFFAIRS, STATE BOARD OF PSYCHOLOGY, JOHN D. KELLY, Esq., and FRANK MONACO,<br><br>    Defendants. | CIVIL ACTION NO. 3:12-527<br><br>(JUDGE CAPUTO) |

**MEMORANDUM**

Presently before the Court is Plaintiff's Motion for Leave to Proceed *In Forma Pauperis*. (Doc. 2.) Because Plaintiff satisfies the requirements for *in forma pauperis* status, Plaintiff's motion will be granted.

**Background**

Plaintiff, James M. Singer, brings this action against the Pennsylvania State Board of Psychology, Captain Frank Monaco, and Attorney John Kelly alleging various violations of Plaintiff's Constitutional rights. (Doc. 1.) Plaintiff has also filed an application to proceed *in forma pauperis*. (Doc. 2.)

Plaintiff's application describes his financial status as follows: he is unemployed; he received $7,013.00 in Unemployment Compensation in 2011; his Adjusted Gross Annual Income in 2010 was $12,233.00; he has four (4) checking accounts containing less than $1,000.00 combined; his personal possessions are valued at approximately $5,000.00; and he currently qualifies for food stamps. (Doc. 2.)

Plaintiff was a licensed psychologist until 1992. (Doc. 1, ¶ 9.) After Plaintiff reported the suspected abuse of one of his patients, Plaintiff alleges that he was retaliated against which ultimately resulted in the suspension of his license to practice psychology. (Doc. 1, ¶¶ 15-47.) From 1996 to 2009, Plaintiff, proceeding *pro se*, commenced four different

actions relating to the subject matter described in the Complaint. (Doc. 1, ¶ 48.) The most recent action, docketed *Singer v. Bowman*, 1:08-cv-1999, was dismissed on November 6, 2008 for failure to conform with Rule 8(a) of the Federal Rules of Civil Procedure. (Doc. 1, ¶ 49.)

Plaintiff alleges that Defendants' conduct amounts to an ongoing going denial of his procedural due process rights, his substantive due process rights, and his free speech rights. (Doc. 1,¶¶ 60-110.) Plaintiff's Complaint seeks damages for the deprivations of his constitutional rights.

## Analysis

An application to proceed in *forma pauperis* is governed by 28 U.S.C. § 1915. This section provides,[1] in pertinent part:

> (a) (1) Subject to subsection (b), any court of the Untied States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.
>
> ....
>
> (e) (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

This statute, enacted in 1892, was "designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 324, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989) (citing *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S.

---

[1] Although subsection (a)(1) refers to prisoners, courts examining the statute have concluded that it does not bar non-prisoners from proceeding *in forma pauperis* in federal court. *See Floyd v. United States Postal Serv.*, 105 F.3d 274, 275-76 (6th Cir.1997), *superceded on other grounds by Callihan v. Schenider*, 178 F,3d 800 (6th Cir. 1997).

331, 342-43, 69 S.Ct. 85, 93 L.Ed. 43 (1948)).

To effectuate § 1915, the Third Circuit Court of Appeals has established a two-step process for reviewing *in forma pauperis* applications. *See Deutsch v. United States*, 67 F.3d 1080, 1084 n. 5 (3d Cir.1995) (internal citations omitted). Leave to proceed is based on a showing that the litigant is unable to pay court costs and filing fees. *Id*. After *in forma pauperis* status is granted, the court determines whether the complaint should be dismissed for frivolity or malice under § 1915(e). *See id*.

**A.**     ***In Forma Pauperis* Status is Appropriate**

Assuming the veracity of Plaintiff's application, Plaintiff appears unable to pay the necessary filing fees and costs associated with litigation. (Doc. 2.) As such, the Court finds Plaintiff indigent. Plaintiff therefore satisfies the requirements for *in forma pauperis* status. In accordance with § 1915(e), the court evaluates whether the complaint should be dismissed based on frivolity, malice, or failure to state a claim upon which relief can be granted.

**B.**     **Plaintiff's Complaint**

Although Plaintiff has filed prior actions relating to the events set forth in his Complaint, the Court does not find that this mandates dismissal of his Complaint as frivolous or malicious. In particular, as Plaintiff has obtained the assistance of counsel in pursuing this action, as recommended by the Court in dismissing Plaintiff's previous action, the Court does not find the action to be frivolously filed.

Moreover, the Court will not dismiss Plaintiff's Complaint for failure to state a claim at this time. As to the individual Defendants, to state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights secured by the Constitution and laws of the United States, and that the alleged violation was committed by someone acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988). "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *West*, 487 U.S. at 49

(citing *United States v. Classic*, 313 U.S. 299, 326, 61 S.Ct. 1031, 85 L.Ed. 1368 (1941)).

Here, Plaintiff asserts that the individual Defendants, as employees of the Pennsylvania State Police or Pennsylvania Board of Psychology, deprived Plaintiff of his due process rights resulting in the suspension of his psychology license. (Doc. 1.) Although these actions occurred in 1990, which indicates that Plaintiff's claims would be barred by the statute of limitations, Plaintiff alleges that these Defendants continue to engage in a conspiracy to prevent Plaintiff from practicing psychology. (Doc. 1.)  Because it is not apparent from the face of the Complaint that the individual Defendants are uninvolved in the ongoing conspiracy alleged by Plaintiff, the Court will not dismiss the claims against the individual Defendants as barred by the applicable statute of limitations.  Similarly, as Plaintiff alleges that he has been denied his vested license to practice psychology without proper procedural protections by the Pennsylvania Board of Psychology, Plaintiff presents a due process claim against the Pennsylvania Board of Psychology.  Thus, Plaintiff's Complaint will not be dismissed at this time for failure to state a claim.

## Conclusion

For the reasons stated above, Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* is granted.

An appropriate order follows.


 April 9, 2012                                                          /s/ A. Richard Caputo
Date                                                                          A. Richard Caputo
                                                                                  United States District Judge